UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY GIOVANNI JOSEPH,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>    Defendant. | Case No. 15-cv-00046-HSG (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 16 |

On January 6, 2015, plaintiff, then an inmate at the Glenn Dyer Detention Facility ("GDDF") in Oakland, California, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was being denied necessary psychotropic medication. Per order filed on January 30, 2015, the Court found that, liberally construed, plaintiff's allegations appeared to state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs under § 1983 and ordered service on Criminal Justice Mental Health ("CJMH"), the entity that administers health care services at GDDF. The County of Alameda was later named as the proper defendant in this action.

Now before the Court is defendant's motion for summary judgment. Plaintiff did not file any opposition to the motion, and the deadline by which to do so has passed.

**FACTUAL BACKGROUND[1]**

At the time plaintiff filed the complaint in this action, plaintiff was in custody at GDDF for a violation of 21 U.S.C. § 841(f), the wrongful distribution or possession of controlled substances.

---

[1] The following facts, unless otherwise noted, are undisputed.

Luckett Decl. at ¶ 2.  Plaintiff was at GDDF for several years.  Luckett Decl. at ¶ 2.[2]  In approximately 2012, plaintiff began taking various antidepressant medications prescribed by clinicians at CJMH.  Cairns Decl. at ¶ 3 & Ex. B.  Plaintiff has a documented history of depression, anxiety, and polysubstance abuse.  *Id.*

In 2014, plaintiff left GDDF for an approximately seven-month stay at a federal hospital for evaluation and treatment related to a competency hearing.  Cairns Decl. at ¶ 6 & Ex. C.  While he was at the facility, plaintiff was prescribed 450 mg per day of the antidepressant Bupropion.  Kaur Decl. at ¶ 4(a) & Ex. A, pp. 11-17.  On September 9, 2014, plaintiff returned to GDDF on a United States Marshal hold.  Luckett Decl. at ¶ 2.  Plaintiff's last dose of Bupropion was administered to him on September 7, 2014.  Kaur Decl. at ¶ 4(a) & Ex. A, p. 15.

Bupropion is an antidepressant medication also known by its brand name, Wellbutrin.  Cairns Decl. at ¶ 4.  There are safety issues associated with prescribing Bupropion to inmates.  Bupropion is not considered appropriate for inmates with a history of drug abuse because it is highly addictive.  *Id.* at ¶ 5.  Inmates have been known to crush Bupropion and snort it to give them the same feeling as speed.  Consequently, Bupropion is not on the CJMH formulary.  Many prisons have eliminated Bupropion from their formularies due to these issues.  *Id.*

On September 11, 2014, plaintiff submitted a Medical Request Form to see a mental health counselor at CJMH.  Kaur Decl. at ¶ 4(b) & Ex. A, p. 39.  On September 29, 2014, plaintiff was seen for a Psychiatric Diagnosis Evaluation at the CJMH clinic at Santa Rita Jail.  Plaintiff complained of worsening depression.  Because plaintiff's current prescription for Bupropion was not an option, plaintiff was prescribed 150 mg of Effexor, a medication in the same class of anti-depressants as Bupropion.  Cairns Decl. at ¶ 6 & Ex. C.  Between October 1, 2014 and November 18, 2014, plaintiff was administered 150 mg per day of Effexor.  He only accepted the medication on 14 occasions.  Plaintiff submitted four Refusal of Clinical Services forms for the Effexor during that time.  Kaur Decl. at ¶ 4(c) & Ex. A, pp. 5-6, 9-10.

On October 22, 2014, plaintiff returned to the CJMH clinic for a follow-up visit with a

---

[2] Defendant represents in its motion for summary judgment that plaintiff left GDDF in April 2015. *See* Dkt. No. 16 at 3.  Plaintiff has not notified the Court of his current address.

1    CJMH psychiatrist and clinician.  Plaintiff informed them that he had only taken the Effexor once
2    because he did not like the side effects and asked for a prescription of Bupropion.  Because
3    Bupropion was not an option, plaintiff was offered several alternative antidepressant medications,
4    including Paxil, Prozac, and Celexa.  Plaintiff refused all of the alternative medications.  Cairns
5    Decl. at ¶ 7 & Ex. D.

6    On November 16, 2014, plaintiff submitted grievance number 14-1725, complaining of
7    CJMH's refusal to prescribe Bupropion for his depression.  Luckett Decl. at ¶ 3 & Ex. H.  After
8    review, the Grievance Unit issued a response denying plaintiff's grievance because Bupropion is
9    not a medication on the CJMH formulary.  The Grievance Unit further suggested that plaintiff fill
10   out a medical request form for a new antidepressant medication if the current prescribed
11   medications were not addressing his symptoms properly.  Luckett Decl. at ¶ 4 & Ex. I.

12   On November 19, 2014, plaintiff returned to the CJMH clinic for another follow-up with a
13   CJMH psychiatrist and clinician.  Plaintiff disclosed that he had a history of bipolar affective
14   disorder, and the clinician discussed with him the risks of taking any antidepressants with this
15   condition.  The clinician reviewed with plaintiff medication options that might better address his
16   symptoms.  Plaintiff opted for a prescription of 15 mg of Zyprexa, a medication in the same class
17   of antidepressants as Bupropion.  Cairns Decl. at ¶ 8 & Ex. E.  Plaintiff took the Zyprexa daily
18   from November 20 until his next visit to CJMH in January 2015.  Kaur Decl. at ¶ 4(d) & Ex. A,
19   pp. 61-62, 76-77, 88-89, 133.

20   On December 24, 2014, plaintiff submitted grievance number 14-1914, stating identical
21   complaints to those listed in grievance number 14-1725.  Luckett Decl. at ¶ 5 & Ex. J.  Because
22   plaintiff raised no issues that were not already addressed in grievance number 14-1725, the
23   Grievance Unit denied plaintiff's grievance on January 9, 2015.  Luckett Decl. at ¶ 6 & Ex. K.

24   On January 7, 2015, plaintiff returned to the CJMH clinic for another follow-up with a
25   CJMH psychiatrist and clinician.  Plaintiff expressed dissatisfaction with the Zyprexa prescription
26   because he feared it was causing weight gain, and agreed to a trial of 10 mg of Lexapro.  Lexapro
27   is another medication in the same class of antidepressants as Bupropion.  Cairns Decl. at ¶ 9 & Ex.
28   F.  Between January 9, 2015 and February 5, 2015, plaintiff took 10 mg of Lexapro per day except

for 11 days on which he refused it.  Kaur Decl. at ¶ 4(e) & Ex. A, pp. 83-84, 94, 132, 139.

On February 4, 2015 and March 18, 2015, plaintiff returned to the CJMH clinic for additional follow-up appointments with a CJMH psychiatrist and clinician.  Sometime on or after his February 4, 2015 visit, plaintiff was prescribed 10 mg Fluoxetine, which is also known by its trade name, Prozac.  Prozac is in the same class of antidepressants as Bupropion.  Cairns Decl. at ¶ 10 & Ex. G.  Between February 7, 2015 and March 20, 2015, plaintiff was administered 10 mg of Prozac per day except for 15 days on which he refused it or failed to show for its administration.  Kaur Decl. at ¶ 4(f) & Ex. A, pp. 94-95, 104-105, 136, 141, 148.  At the March 18, 2015 visit, plaintiff reported side effects from the Prozac and the medication was discontinued, per his request.  Cairns Decl. at ¶ 10 & Ex. G.

**DISCUSSION**

**I.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Id.*  The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *See id.* at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).  The nonmoving party must show more than "the

4

mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252). "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Liberty Lobby,* 477 U.S. at 252). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). When the parties file cross-motions for summary judgment, the district court must consider all of the evidence submitted in support of both motions to evaluate whether a genuine issue of material fact exists precluding summary judgment for either party. *The Fair Housing Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Here, plaintiff's verified complaint is considered in opposition to the motion for summary judgment.

## II.     Analysis

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104

(1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  Mere negligence, or even gross negligence, is not enough.  *Farmer*, 511 U.S. at 835–36 & n.4.

A showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference.  *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970).  In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctor chose was medically unacceptable under the circumstances and that he chose this course in conscious disregard of an excessive risk to plaintiff's health.  *Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Farmer*, 511 U.S. at 837).

The Court finds that plaintiff has failed to show the existence of a triable issue of fact that defendant acted with deliberate indifference.  The undisputed evidence shows that in the opinions of the doctors that treated plaintiff, as well as the clinicians who created the CJMH formulary, Bupropion was not considered medically appropriate for plaintiff's medical condition.  This opinion was based on the highly addictive nature of Bupropion and on plaintiff's history of

polysubstance abuse. Plaintiff presents no evidence that casts doubt on the soundness of this opinion. Plaintiff's desire to continue Bupropion, without more, does not create a triable issue of fact as to whether it was medically necessary. *See Jackson*, 90 F.3d at 332; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a Section 1983 claim.")

The undisputed evidence also shows that plaintiff was given substitutes for Bupropion, including Effexor, Zyprexa, Lexapro, and Prozac. Plaintiff was also offered (but declined) Paxil and Celexa. Plaintiff does not deny receiving and/or being offered these medications, nor is there any evidence that they are inadequate substitutes for Bupropion. On this record, there is no genuine issue of material fact as to whether defendant was deliberately indifferent to plaintiff's medical needs by discontinuing Bupropion. Accordingly, defendant is entitled to summary judgment on plaintiff's § 1983 deliberate indifference claim based on denial of medication. *See Celotex*, 477 U.S. at 323.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. The Clerk shall enter judgment and close the file.

This order terminates Docket No. 16.

**IT IS SO ORDERED.**

Dated: 2/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge